UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 12-46577

WILLIE MAE GARNETT,                                 Chapter 7

                Debtor.                         Judge Thomas J. Tucker

_____/

**OPINION AND ORDER DENYING THE DEBTOR'S EX PARTE MOTION
TO REOPEN CASE, BUT WAIVING MOTION FILING FEE**

This case is before the Court on the Debtor's motion filed January 31, 2018, entitled "Ex-Parte Motion To Reopen Chapter 7 Case To Enter Financial Management Certificate to Obtain Discharge and Waiver of Filing Fee" (Docket # 21, the "Motion"). The Motion seeks to reopen this case, to enable the Debtor to file a Financial Management Course Certificate ("Certificate") and receive a discharge. The Motion was filed more than five and a half years after this case was closed. The case was closed on June 29, 2012, without a discharge, due to the Debtor's failure to timely file the Certificate. The Motion also seeks a waiver of the filing fee for the Motion. For the following reasons, the Court will deny the Motion, except for the requested waiver of the filing fee.

**A. Background**

The Debtor filed a voluntary petition for relief under Chapter 7 on March 16, 2012, commencing this case. That same day, the Clerk issued a notice that the first meeting of creditors would be held on April 26, 2012 at 3:00 p.m. (Docket # 8, the "Notice"). On March 16, 2012, the Notice was served by the Bankruptcy Noticing Center by email on some of the creditors, the Chapter 7 Trustee, and the Debtor's attorney, and on March 18, 2012, the Notice

was served by the Bankruptcy Noticing Center by mail on the Debtor and the remainder of creditors (Docket # 9).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file a

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> . . .
>
> (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–

2

Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was June 25, 2012. The Debtor failed to file the Certificate by the June 25, 2012 deadline, or at anytime thereafter while the case remained open. The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On June 29, 2012, after the case had been fully administered, the case was closed without a discharge, due to the Debtor's failure to file the Certificate. (Docket # 19). Notice of the Final Decree entered that day (Docket # 19) was served on Debtor's counsel by e-mail on June 29, 2012, through the Court's ECF system. And a notice that the Debtor's bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by mail on July 1, 2012 on all creditors, and on the Debtor. (Docket # 20). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor did not file Official Form 423, Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management.." (*Id*.)

More than five and one half years later, on January 31, 2018, the Debtor filed the Motion (Docket # 21). The Motion states, in relevant part: "The Debtor has now completed the financial management course and has received her certificate of completion." (Mot. at ¶ 4.)

B. Discussion

The Motion does not allege or demonstrate any valid excuse, (1) why the Debtor failed to timely complete the financial management course and file the required Certificate, more than five

---

. . .

(11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111[.]

3

12-46577-tjt    Doc 23    Filed 02/01/18    Entered 02/01/18 12:43:59    Page 3 of 9

and one half years ago; or (2) why the Debtor waited more than five and one half years after this case was closed before she moved to reopen it.

Section 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010,[5] and Local Bankruptcy Rule 5010-1[6] govern motions to reopen a case for the purpose of filing a Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtor seeks to reopen the case to move for an order granting Debtor an extension of time to file the Certificate, so the Debtor can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22, 2016) (citation omitted). Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Certificate)] . . . only to the extent and under the conditions state in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule

---

[5] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[6] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Certificate within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (apply the 4-part test and denying a Debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a Debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22,

2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

Recently, this Court has denied motions to reopen in several cases, where the delay ranged from 11 months to more than 8 years. *See In re Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. October 6, 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply this four-factor approach in this case. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to grant the Debtor a five and one-half year extension of the deadline to file the Certificate.

### *Factor 1: whether there is a reasonable explanation for the failure to comply*

The Debtor has not provided a valid or reasonable explanation for her failure to timely comply with the financial course requirement. Nor has the Debtor provided a valid or reasonable explanation for the more than five-year delay in her seeking to reopen this case. This factor, therefore, weighs against granting the Motion.

The Motion states, in relevant part: "The Debtor was under the mistaken belief that she had completed her financial management course prior to the closing of her case. The Debtor states that she completed the financial management course online. However, she was not aware that she needed to contact a counselor to obtain the certificate of completion." (Mot. at ¶ 3.) Even assuming that the Debtor's statement in the Motion is true, and that the Debtor, at some

6

point, mistakenly believed that she had complied with the financial management requirement to obtain a discharge before her case was closed, she cannot reasonably and credibly allege that she still believed that after she received the Notice of the Final Decree in July 2012, which clearly stated that her case had "been closed without entry of discharge" because the Debtor "did not file Official Form 23, Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management." And in this case the Debtor was represented by an attorney, who also received this notice, by e-mail on June 29, 2012.

The Motion also does not explain why the Debtor waited more than five and one half years after the case was closed to move to reopen the case, and take the financial management course. As already stated, the Debtor was informed, by the notice described above, which was mailed to her on July 1, 2012, that her case had been closed without a discharge, and why it had been so closed.[7] Yet the Debtor and her attorney did nothing to try to rectify this for more than five and one half years, and the Motion alleges no valid excuse, for such an extremely long delay by the Debtor.

*Factor 2: whether the request was timely*

The delay of more than five and one half years in both the Debtor's completion of the financial management course[8] and in filing the Certificate in this case is far too long. Such a long delay frustrates the goals of the legislation which added the financial management course

---

[7] The Motion does not allege that the Debtor did not receive this notice. And there is no indication in the record that the mailing was returned undelivered by the post office.

[8] Although it appears from the Motion that the Debtor is alleging that she completed the financial management before the closing of her case, there is nothing in the record to support this allegation. The only Certificate in the record is the one filed on January 31, 2018 (Docket # 22), which states that the Debtor completed the financial management course on January 23, 2018.

requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the Court explained:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
> . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3.

The magnitude of the Debtor's delay in this case is significant, and this factor strongly weighs against granting the Motion.

### Factor 3: whether fault lies with counsel

The Debtor was represented by counsel in this case at all times until the case was closed, but Debtor did not allege in the Motion that her failure to timely complete the Financial

Management Course and to file a Certificate was the fault of her counsel. The fault for failing to timely complete the Financial Management Course and to file a Certificate was entirely due to the Debtor's own fault and neglect. This factor weighs against granting the Motion.

*Factor 4: whether creditors are prejudiced*

In *Chrisman*, the Court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case, although somewhat shorter than the delay in *Chrisman*, is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a long delay. This factor therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 21) is denied, except for the requested waiver of the filing fee.

2. The filing fee for the Motion is waived.

3. The Debtor is not prohibited from filing a new bankruptcy case.

**Signed on February 1, 2018**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge